UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

QJR, LLC,                                                                                          Plaintiff

Versus                                                          CASE NO: 1:24-cv-00383-TBM-RPM

SECURIX, LLC, and
JONATHAN MILLER, INDIVIDUALLY
AND AS CHAIRMAN OF SECURIX LLC,                                              Defendants

**ANSWER TO COMPLAINT FOR DISSOLUTION, COUNTERCLAIM, PRAYER FOR TRIAL BY JURY, AND RELATED OBJECTIONS AND MOTIONS**

NOW INTO COURT through undersigned counsel come Securix, LLC and Jonathan Miller individually and as Chairman of the Board of Securix, LLC and respond to the complaint of QJR, LLC as follows:

**OBJECTIONS/MOTIONS**

Before responding to plaintiff's specific allegations and requests for relief, defendants would show the following:

(1)

Plaintiff QJR, LLC initially filed this matter in the Chancery Court of Jackson County, Mississippi. As a matter of law and/or for practical and equitable reasons, in your defendants' view, this matter was initially filed in the wrong court.

1

(2)

Securix Mississippi, LLC is a limited liability company with two members: plaintiff QJR, LLC ("QJR") and defendant Securix, LLC ("Securix"), with ownership interest divided half and half.

(3)

For approximately six months, the two members (QJR, LLC and Securix, LLC) have been embroiled in bitter disputes over company management, with each side asserting breaches of contract, breaches of fiduciary duty, and tortious actions by the other side. As a result, at all times pertinent hereto, both members have desired dissolution of the Mississippi limited liability.

(4)

Since both members of Securix Mississippi, LLC desire that Securix Mississippi, LLC be dissolved, the dissolution can be accomplished without the necessity of judicial intervention. There is no dispute over the desirability and necessity of dissolution. As a corollary, there is no need for a Mississippi chancery court to make any determination as to the desirability or availability of dissolution and no need for a Mississippi chancery court to consider alternatives to dissolution.

(5)

The issues which are in serious dispute and which require judicial resolution are the disputes between QJR, LLC, on the one hand, and Securix, LLC and Jonathan Miller (chairman of Securix, LLC and named as individual defendant herein) over alleged breaches of contract, breaches of fiduciary duty, and tort liability. These issues are more appropriately resolved by a

court of general jurisdiction (federal district court or Mississippi circuit court) rather than in Mississippi chancery court. This is necessary to preserve defendants' right to a federal forum and, additionally or alternatively, because Securix, LLC and Jonathan Miller, named as an individual defendant although he is NOT a member of Securix Mississippi, LLC, strongly prefer and pray for a JURY TRIAL on all disputed issues.

(6)

**REMOVAL:** Defendants Securix, LLC and Mr. Miller would show that the parties' dispute may properly be resolved in federal court via an exercise of federal diversity jurisdiction, which will also preserve defendants' right to trial by jury. Accordingly, Securix, LLC and Mr. Miller have removed the above-captioned Mississippi chancery court matter to federal court and will file their own independent complaint in federal court shortly.

(7)

**OBJECTION TO VENUE**: If for some reason the federal court deems the petition for dissolution to be non-removable and remands the petition to state court then, in the alternative, defendants would show that the chancery court matter has been filed in a court of improper venue inasmuch as the principal place of business of Securix Mississippi, LLC is in Madison County, Mississippi rather than Jackson County, Mississippi and defendants would ask that the petition be dismissed for lack of venue or, alternatively, transferred to Madison County, Mississippi.

(8)

**MOTION TO STAY:**   If for some reason the federal court deems the petition for dissolution to be non-removable and remands the petition to state court then, in the alternative, defendants would show that any chancery court proceeding should be stayed pending the outcome of defendants' separate fedexhibiteral court lawsuit seeking damages, in order to preserve defendants' right to a federal forum and right to trial by jury on the core issues herein.

(9)

**MOTION TO TRANSFER TO CIRCUIT COURT:**   If for some reason the federal court deems the petition for dissolution to be non-removable and remands the petition to state court and if the chancery court declines to stay proceedings pending action by the federal court in plaintiffs' separate lawsuit then, in the alternative, defendants would show that the chancery court should decline to exercise jurisdiction over the parties' claims and counterclaims for breach of contract, breach of fiduciary duty, and tort and, instead, should sever these issues and transfer same to circuit court, in order to preserve defendants' right to trial by jury on the core issues herein.

(10)

Defendants would show that, under the present circumstances, there is no necessity for a petition for dissolution in chancery court and, to the contrary, the pendency of the current petition for dissolution should not be allowed to take precedence over the resolution, in federal district court or a Mississippi circuit court of proper venue, of defendants' claims for breach of contract, breach of fiduciary duty, and tort, because allowing the chancery court petition for

dissolution to take precedence will deprive defendants will be deprived of their right to a federal forum under 28 USC 1332 (diversity jurisdiction) and/or over their right to trial by jury.

## ANSWER TO COMPLAINT AND COUNTERCLAIM

And now, by way of answer to complaint and as counterclaim, defendants Securix, LLC and Jonathan Miller would show the following:

**Parties**

(11)

Plaintiff's paragraph 1: Admitted that QJR is a Mississippi limited liability company with a principal office in Ridgland, Mississippi. Admitted that QJR is a 50% member of Securix Mississippi, LLC. Admitted that QJR actively manages day-to-day operations, however, to the extent this statement implies that QJR is the sole manager, this statement is denied as, under the terms of the Operating Agreement, QJR and Securix share management responsibilities. The remainder of this paragraph is denied for lack of information.

(12)

Plaintiff's paragraph 2: Admitted, with the following comment to plaintiff's footnote 1: A careful review of the Mississippi Secretary of State records will show that there was at one time a partnership which was dissolved. Securix, LLC, at all times pertinent hereto, has been a limited liability company not a partnership.

(13)

Plaintiff's paragraph 3: Admitted.

(14)

Plaintiff's paragraph 4: Admitted.

## Jurisdiction and Venue

(15)

Plaintiffs' paragraph 5: Denied. As set forth in paragraphs 1 through 10 hereinabove, at all times pertinent hereto, all members of Securix Mississippi, LLC have agreed that this entity should be dissolved. There was and is no dispute over the desirability of dissolution. Therefore, the filing of a petition for dissolution was an unnecessary action. See paragraphs 1 through 10 hereinabove.

(16)

Plaintiffs' paragraph 6: Denied. Securix Mississippi, LLC's principal office is in Madison County and Securix Mississippi's business has been transacted for the most part in Madison County and in other Mississippi counties with a comparatively small amount of business taking place in Jackson County. The rest of this paragraph is denied.

(17)

Paragraph 7: This is a summary or overview rather than a specific statement of fact. As such, it cannot be readily admitted or denied. On its face, the summary appears to give a reasonably good general description of events.

(18)

Paragraph 8: Admitted, except to note that the Operating Agreement speaks for itself and, to the extent plaintiff attempts to paraphrase or summarize the Operating Agreement,

defendants would state that the Operating Agreement controls. Defendants have not reviewed plaintiffs' Exhibit A on a comma-by-comma basis, but this exhibit does appear to be an accurate copy of the parties' Operating Agreement.

(19)

Paragraph 9: Admitted that the relationship has deteriorated. Otherwise denied, inasmuch as defendants would show that the deterioration is the result of wrongful actions by QJR.

(20)

Paragraph 10: Admitted that Exhibit B is an accurate copy of a letter sent to MDPS and an accurate copy of MDPS's response. Otherwise denied.

(21)

Paragraph 11: Admitted that Exhibit C is an accurate copy of email communications. However, defendants would note that these communications are taken out of context. Otherwise denied.

(22)

Paragraph 12: Denied.

(23)

Paragraph 13: Denied.

(24)

Paragraph 14: Denied.

(25)

Paragraph 15: Admitted that in June 2024, QJR notified Securix, LLC that it desires to dissolve Securix Mississippi, LLC. Admitted that Securix, LLC retained Albert R. Jordan, IV, attorney. Admitted that Exhibit D is an accurate copy of a communication sent by Mr. Miller. This paragraph is otherwise denied.

(26)

Paragraphs 16 and 17: Denied.

(27)

Paragraph 18: This is a summary and general description rather than a recitation of specific facts and, as such, cannot readily be admitted or denied. Considered as a summary, this paragraph appears to be reasonably accurate.

(28)

Paragraph 19: Admitted that QJR has sought dissolution and injunctive relief, otherwise denied.

(29)

Paragraph 20: Denied.

(30)

Paragraph 21: Defendants do not object to the proceedings being sealed.

## CAUSES OF ACTION

### COUNT 1: BREACH OF OPERATING AGREEMENT

(31)

Paragraph 22:  Requires no separate answer.

(32)

Paragraph 23:  Admitted.

(33)

Paragraph 24:  Admitted that the parties entered into an operating agreement, otherwise denied.

(34)

Paragraph 25:  Denied.

(35)

Paragraph 26: Denied.

(36)

Paragraph 27:  Denied.

### COUNT II: DISSOLUTION OF SECURIX MISSISSIPPI, LLC

(37)

Paragraph 28:  No separate answer to this paragraph is required.

(38)

Paragraph 29:   This is a statement of law and, as such, requires no answer.  However, see paragraphs 1 through 10 above.

(39)

Paragraph 30:   Denied.

(40)

Paragraph 31:   Denied.

(41)

Paragraph 32:   Agreed that Securix Mississippi, LLC should be dissolved. However, see paragraphs 1-10 above.

## COUNT III: INJUNCTIVE RELIEF

(42)

Paragraph 33 requires no separate response.

(43)

Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, and 42 are denied. QJR is solely at fault for the breakdown of the parties' relationship, has no right to injunctive relief, and cannot establish the facts necessary to support QJR's claim for injunctive relief.

## COUNT IV: DEFAMATION

(44)

Paragraph 43 requires no separate response.

(45)

### Failure To State A Claim

Paragraphs 44 through 47:  QJR has failed to state a claim for defamation.   QJR has not quoted, or even paraphrased, any specific statement alleged to be defamatory; QJR has not

identified the time, date, and place on which any alleged defamatory statement was made; QJR has not identified the person(s) in whose hearing the alleged defamatory statement was made; QJR has not specifically pleaded the facts underlying QJR's damages claim. Without this level of specificity, QJR fails to state a claim for defamation.

(46)

Paragraphs 44 through 47: Denied.

(47)

**Affirmative Defenses: Qualified Privilege And Privilege**

Paragraphs 44 through 47:   Defendants would show that any specific statement eventually identified by QJR as allegedly defamatory is protected because subject to privilege or qualified privilege  because any such communication was made in good faith and on a subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty.

(48)

**Affirmative Defenses: Noerr Pennington**

Paragraphs 44 through 47:   Defendants would show that any specific statement eventually identified by QJR as allegedly defamatory is protected because subject to the Noerr Pennington privilege.

(49)

**COUNTERCLAIMS**

Defendants, taking the position of plaintiffs in counterclaim, would show the following:

11

(50)

Defendant in counterclaim is QJR, LLC.   The facts relating to the counterclaims are as follows.

(51)

Plaintiff Securix, LLC is a company which operates nationally.   Plaintiff Securix, LLC and plaintiff Jonathan Miller individually own two proprietary and patented systems of computer programming and operation, referred to in paperwork as the Vehicle Insurance Verification System, the "Securix National Vehicle Insurance Status System," the "InsureNet System," and the "Automated National Non-Invasive Insurance Enforcement System" or "ANNIE System." These systems can be used with traffic cameras to randomly check motor vehicle licenses against state databases to identify and ticket drivers who are operating without state required insurance coverage. These systems, when operated properly and maintained properly with necessary updates and corrections, are highly effective and, during the nine years since the development of these systems, Securix, LLC has successfully licensed the systems for use in several states.

(52)

It should be noted here that the systems can only operate effectively if there is a good working relationship between the Securix, LLC licensee and the state and local governments which seek to employ the systems.

(53)

In 2023, Securix, LLC and Mr. Miller decided to license the systems for use in Mississippi. In order to do this, Securix, LLC engaged in negotiations with three local

Mississippi business persons: Quinten Dickerson, Josh Gregory, and Robert Wilkerson. As a result of these negotiations, the parties agreed upon, and carried out, the following steps:

(i) Mr. Dickerson, Mr. Gregory, and Mr. Wilkerson would create a Mississippi limited liability company.

> This step was completed. The resulting entity was defendant QJR, LLC.

(ii) Securix, LLC and QJR, LLC would join to create a new Mississippi limited liability company, Securix Mississippi, LLC. Securix, LLC and QJR, LLC would be 50-50 members in Securix Mississippi, LLC.

> This step was completed. Securix, Mississippi LLC was formed with plaintiff Jonathan Miller and Josh Gregory as initial managers. Operating Agreement Article 6 paragraph 6.02. A copy of the operating agreement, dated November 9, 2023, is not attached hereto as EXHIBIT A is under seal.

(iii) Securix, LLC and Mr. Miller would then license the systems to Securix Mississippi, LLC and would cooperate with Securix Mississippi, LLC to maintain and operate the system in Mississippi.

> This step was completed. A copy of the licensing agreement, dated October 25, 2023, is not attached hereto as EXHIBIT B is under seal.

(54) During the first six months after the parties signed the agreements, things went smoothly. A bank account was set up, contracts with the Mississippi Department of Public Safety and local governments were secured, and the foundation was laid for a profitable business.

(55)

Then, starting in March 2024, the local participants (QJR, LLC and some or all of its employees or members) executed what may fairly be characterized as a "freeze out." QJR did not fulfill its contractual obligations and did not cooperate with, or provide information to, Securix, LLC as mandated under the contract.

(56)

Specific examples of breaches include the following:

(i) Under the Operating Agreement Article 5 sections 5.01 *et seq.,* a percentage of cash flow is to be set aside and distributed monthly according to a formula set forth in Article 5. The distributions have not been made.

(ii) Under the Operating Agreement Article 6 section 6.03(b), Securix LLC's designated manager (currently Jonathan Miller) is to manage and support the technology. QJR personnel have not permitted Mr. Miller and Securix LLC to manage and support the technology. On information and belief, the performance of the system has deteriorated due to lack of support, resulting in reduced profits to Securix Mississippi, LLC and potentially threatening the national reputation of Securix LLC for good performance.

(iii) The License Agreement also calls for proper maintenance of the systems and failure to allow access and proper maintenance is a breach of the licensing agreement.

(iv) Under the Operating Agreement Article 9 section 9.01 (and under Mississippi state law), full and accurate books and records of the company are to be maintained and made available to all members. Since March 2024, full and accurate books and records have not been kept and/or have not been made available.

(v) Under Exhibit B to the Operating Agreement, the bank account for Securix Mississippi, LLC is to be established and managed by QJR, with representatives of both members having "unrestricted and total" access to the account and expenditures in excess of $3,000 (including payroll) must be approved by both members. However, Securix LLC has not been given "unrestricted and total" access to the account and, on information and belief, QJR personnel have expended funds in excess of $3,000 on various matters without the approval of Securix LLC.

(vi) Under Exhibit B to the Operating Agreement, Securix, LLC is to maintain insurance coverage (workers' compensation, cyber liability, and liability insurance) and Securix, LLC is to be reimbursed monthly. However, reimbursements have not been made since March 2024.

(vii) On information and belief, Securix Mississippi, LLC has been allowed to accumulate a $250,000 debt to the Mississippi Department of Public Safety under circumstances which render Securix, LLC liable for the debt and which have

resulted in Securix, LLC having to try to resolve the matter with the DPS using financial resources of Securix, LLC.

(viii)   On information and belief, QJR and its representatives, having systematically frozen out Securix, LLC personnel, are mismanaging the system in various ways which will reduce profitability and potentially bring the system into disrepute as unreliable, damaging the national reputation of Securix, LLC.

(ix)   This list of wrongful acts is intended to be representative not exclusive.

(57)

BREACH OF CONTRACT:   The actions described hereinabove constitute a breach of the contracts between Securix, LLC and Jonathan Miller individually and QJR, LLC.

(58)

BREACH OF FIDUCIARY DUTY:   In a small closely held corporation or LLC, when one member "freezes out" another member by declining to provide information, declining to share profits, and otherwise barring the member from participation in the business's affairs,  this is a breach of fiduciary duty and the actions of QJR and some or all of its members herein constitute a breach of fiduciary duty to Securix LLC as co-member.

(59)

FRAUD:   The sequence of events – specifically the initial good relationship during the first six months while the system was being put in place, followed by the freeze-out once the system was in place – supports the inference that QJR and some or all of its members intended, from the inception of the parties' relationship, to make a show of good faith in order to secure

access to the proprietary systems and then freeze out Securix LLC. In other words, the sequence of events supports the inference that, from the inception of the parties' relationship, QJR and some or all of its members deliberately planned to defraud plaintiffs by securing access to their valuable assets without paying compensation.

(60)

It is evident that the above and foregoing wrongful actions have caused damage to Securix, LLC and to Mr. Miller individually as co-owner of the patents licensed to Securix Mississippi, LLC. The reasonably amount necessary to compensate Securix, LLC and Mr. Miller cannot be determined with certainty at this time as a full disclosure of the operations and finances of Securix Mississippi, LLC will be required before damages can be accurately computed. However, it is evident based on the information available to date that the damages are in excess of $300,000 and could exceed three million dollars ($3,000,000.00).

(61)

Plaintiffs would show that they are entitled to attorney fees herein for bad faith breach of contract and/or fraud.

(62)

**REQUEST FOR JURY TRIAL**

Plaintiffs seek a jury trial on all issues triable by jury herein.

(63)

**JURY DEMAND**

Defendants and plaintiffs in counterclaim Securix, LLC and Jonathan Miller pray for a trial by jury on all issues herein.

**PRAYER FOR RELIEF:** Defendants/plaintiffs in counterclaim plaintiffs SECURIX, LLC and JONATHAN MILLER would pray that, after due proceedings had, this Honorable Court should enter judgment as follows:

I. SECURIX MISSISSIPPI, LLC should be dissolved as no member wishes SECURIX MISSSISSIPPI, LLC to remain in existence;

II. All claims of QJR, LLC to damages and for injunctive relief should be dismissed with prejudice;

III. SECURIX, LLC and JONATHAN MILLER would pray for judgment in their favor and against defendant in counterclaim QJR, LLC in such amount as may be shown to be reasonable based on the evidence, plus attorney fees; with interest thereon as provided by law, and all costs of these proceedings should be charged to defendant in counterclaim QJR, LLC;

IV. AND SECURIX, LLC and JONATHAN MILLER, as defendants and as plaintiffs in counterclaim, pray for **A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted, this the 20TH day of December, 2024.

SECURIX, LLC and
JONATHAN MILLER, individually and
as Chairman of SECURIX, LLC

/s/ Albert R. Jordan, IV
ALBERT R. JORDAN, IV

18

               MS Bar Roll # 102513
               HEALY & JORDAN, PLLC
               1323 28th Avenue, Suite A
               Gulfport, MS 39501
               228-575-4005 - Telephone
               228-575-4006 – Facsimile
               EMAIL: Al@HealyJordanLaw.com

## **CERTIFICATE OF SERVICE**

   I do certify that I have this date, <u>December 20, 2024</u>, mailed through the United States Postal Service, postage prepaid, a true and correct copy of the above and forgoing to the following:

Jacklyn Wrigley
Erich N. Nichols
Nichols Wrigley, PLLC
929 Washington Ave
Ocean Springs, MS 39564
erich@nicholswrigley.com
jaklyn@nicholswrigley.com
office@nicholswrigley.com

              /s/ Albert R. Jordan, IV
              ALBERT R. JORDAN, IV