**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**QJR, LLC**                                                                                                                    **PLAINTIFF**

**VERSUS.**                                                        **CIVIL ACTION NO. 1:24-CV-383-TBM-RPM**

**JONATHAN MILLER AND**
**SECURIX, LLC**                                                                                                        **DEFENDANTS**

### PLAINTIFF'S MOTION TO REMAND

**COMES NOW** Plaintiff QJR, LLC, a Mississippi Limited Liability Company, and files this Motion to Remand pursuant to 28 U.S.C. § 1447(c), respectfully requesting that this Honorable Court remand this action to the Chancery Court of Jackson County, Mississippi. In support of this Motion, Plaintiff states as follows:

**I.     REQUEST TO EXPEDITE**

Plaintiff respectfully requests that the Court expedite consideration of this Motion to Remand and, if necessary, establish a briefing schedule to address jurisdictional issues without delay.

Expedited consideration is warranted because this case involves time-sensitive matters arising under a state court injunction entered on November 22, 2024. That injunction remains in place but is being actively undermined by Defendants, whose removal of this case is a clear effort to delay proceedings and evade accountability. The Chancery Court was scheduled to hear an amended motion for contempt and a second motion for injunctive relief on December 23, 2024. These proceedings were critical to addressing Defendants' ongoing misconduct, which includes violations of the Court's prior orders and the dissemination of false information to third parties.

Defendants' removal to this Court has the practical effect of halting all state court enforcement efforts, thereby allowing Defendant Miller to continue engaging in conduct that maximizes harm to

1

Plaintiff. This includes feeding false and defamatory information to a reporter who has already published untrue articles, further damaging Plaintiff's reputation and relationships with municipal partners. Every day that passes without resolution increases the harm to Plaintiff and frustrates the judicial process.

An expedited ruling on this Motion to Remand would allow the Chancery Court to promptly resume its consideration of the pending motions, enforce its orders, and protect Plaintiff's rights. Delay, by contrast, would reward Defendants' improper attempt to circumvent the state court's authority and undermine its ability to provide effective relief. Plaintiff respectfully requests that this Court give priority to resolving the jurisdictional issue so that the case may proceed without further harm or disruption.

## II. PROCEDURAL HISTORY AND NATURE OF THE PROCEEDINGS

This action was originally filed in the Chancery Court of Jackson County, Mississippi, seeking judicial dissolution of Securix Mississippi LLC ("S-MS") and injunctive relief to address Defendants' tortious, defamatory, and obstructive conduct. Plaintiff QJR, LLC owns 50% of S-MS, with Defendants Jonathan Miller and Securix LLC owning the remaining 50%. QJR is a Mississippi Limited Liability Company. Defendant Miller is an adult resident citizen of Georgia and Securix, LLC is a Delaware Limited Liability Company.

On September 20. 2024, QJR file its Complaint in the Chancery Court of Jackson County, Mississippi.  In the Complaint, QJR sought only two matters: (1) for the Court to dissolve Securix Mississippi, LLC; and (2) to enter a preliminary and, ultimately, permanent injunction against Defendants for defaming both QJR and its members therein.  QJR's Complaint seeks absolutely no monetary damages whatsoever – only equitable relief.  The fact is that Securix Mississippi will have no funds within the next thirty (30) to sixty (60) days.  For practical purposes, it has no assets.

On December 20, 2024, Defendants filed a Notice of Removal, alleging diversity jurisdiction under 28 U.S.C. § 1332. Defendants claim that the amount in controversy exceeds $75,000 based on the speculative value of S-MS's assets. However, as detailed below, Defendants cannot meet the jurisdictional requirements for removal because the amount in controversy does not exceed $75,000, and the equitable nature of this action does not fall within federal jurisdiction.

After the filing of the Complaint, Jonathan Miller and Securix, LLC participated in court proceedings as follows:

1. On the date of the filing of the Complaint, counsel for Defendants participated in a conference with the Honorable D. Neil Harris wherein the judge ordered mediation.

2. On October 28, 2024, Defendants participated in a mediation on the merits of the case in Gulfport, Mississippi. Defendant Miller was personally present at said mediation.

3. On November 22, 2024, QJR filed a Motion for Injunctive Relief in light of Defendant Miller's ongoing misconduct and violations of the order sealing the Chancery Court matter. The Court held a telephonic hearing on the same day. Counsel for Defendants participated in said telephonic hearing. As a result of said hearing, a preliminary injunction was entered.

4. On November 26, 2024, after Defendants had failed to timely comply with the Court's November 22nd Order, QJR filed a Motion for Contempt. Defendants submitted a response in opposition to this Motion on December 6, 2024.

5. On November 27, 2024, Defendants filed a Motion to Modify ("Motion to Modify") Order Granting Injunction and Requirements for Bond, and Motion for a Protective Order, claiming Defendants could not comply with the Court's November 22nd Order.

6. On December 11, 2024, a hearing was held with regard to the preliminary injunction, as well as QJR's Motion for Contempt and Defendants' Motion to Modify. Miller personally appeared at the hearing and even took the witness stand and testified at said hearing.

7. At the hearing, the Plaintiff and Defendants agreed on one issue: an order related to a non-compete claim. The Court ordered from the bench, that a partial settlement of this case had been reached as to the noncompetition issue.

8. The Court further ordered that an accounting be done of Securix Mississippi, LLC. The accounting is basically complete.

9. On December 19, 2024, QJR informed the Court of Defendants' ongoing tortious and defamatory activities and advised it would be filing a Second Motion for Injunctive Relief. The Court conducted a telephonic hearing that day with the Defendants' counsel present, and advised that a hearing on QJR's Motion would take place on December 23, 2024 at 9:00 a.m.

10. On December 20, 2024, QJR formally filed its Second Motion for Injunctive Relief.

11. Later that day, Defendants' filed their baseless Notice of Removal.

### III.   LEGAL STANDARD FOR REMOVAL

Defendants assert removal based on diversity jurisdiction under 28 U.S.C. § 1332, which requires both complete diversity of citizenship and an amount in controversy in excess of $75,000. As the removing parties, Defendants bear the burden of proving that these jurisdictional requirements are satisfied. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). Removal statutes are strictly construed, and all doubts concerning jurisdiction must be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

### IV.     THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $75,000

In order to remove this case, Defendants are required to show that the amount in controversy exceeds $75,000. The federal courts, when considering remand, are directed to look at the face of the complaint. Here, Plaintiff's Complaint sought only two forms of relief: (1) judicial dissolution of Securix Mississippi LLC ("S-MS"), a near-bankrupt company, and (2) preliminary injunctive relief to prevent Defendant Miller from spreading falsehoods and damaging the reputation of QJR and its members.

Federal jurisdiction is strictly limited, and the burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The Fifth Circuit has explained that "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 397 (5th Cir. 2013).

If the plaintiff's state court pleading does not specify an amount in damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. This can be done in one of two ways: (1) by establishing that it is facially apparent that the claims are likely to exceed $75,000, or (2) by setting forth summary judgment-type evidence of facts in controversy that support a finding of the requisite amount. See 28 U.S.C. §§ 1332(a), 1446(c)(2)(A)(ii).

The Fifth Circuit has further clarified the standard for determining the amount in controversy when the state court pleading does not demand a specific amount. As stated in *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993):

> "[A] removing defendant must otherwise prove the amount in controversy when a state court pleading 'did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above' the jurisdictional amount."

In this case, the burden of establishing federal jurisdiction falls squarely on the Defendants.

The Complaint filed in Chancery Court seeks only the equitable relief of judicial dissolution and injunctive relief. Plaintiff has not sought monetary damages, nor is there any claim that would place the amount in controversy above $75,000. Judicial dissolution is a remedy governed by Mississippi law and falls squarely within the jurisdiction of the state chancery court. S-MS has minimal assets, no significant revenue, and limited operational viability. Its speculative value cannot establish the amount in controversy because Plaintiff does not seek recovery or distribution of those assets.

The relief sought by QJR is clear from the face of the Complaint: to sever all business relationships with Securix LLC and Jonathan Miller, dissolve S-MS, and prevent future defamatory conduct by Mr. Miller. The injunctive relief sought is designed to protect QJR'S business reputation and municipal relationships, not to recover damages or obtain financial gain.

## V. DEFENDANTS' REMOVAL IS UNTIMELY DUE TO DEFENDANTS' ACTIVE PARTICIPATION IN THE STATE COURT PROCEEDINGS

Defendants assert that their removal is timely because they were served with the Complaint less than thirty (30) days before filing the Notice of Removal. However, their conduct throughout this litigation demonstrates extensive participation in the state court proceedings, effectively waiving any right to removal under federal law. Removal at this stage is untimely and improper.

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within 30 days of receipt of the initial pleading. However, active participation in state court proceedings can constitute waiver of the right to remove, particularly where such participation is inconsistent with an intent to invoke federal jurisdiction. *See, e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) (noting that waiver occurs when a defendant's actions in state court indicate submission to its jurisdiction).

6

The Mississippi Supreme Court has also recognized that a defendant's active participation in litigation can negate the necessity of formal service and amount to a waiver of procedural defenses. *See Isom v. Jernigan*, 840 So. 2d 104, 107 (Miss. 2003) ("[I]f there was ever a case that service was waived, this is the case," where the defendant had participated in hearings and presented evidence).

Defendants' conduct over the past several months reflects full participation in the state court proceedings and is inconsistent with any intent to preserve their right to remove, as detailed above.

Defendants' removal, filed after months of active litigation and mere days before a critical hearing, represents a transparent attempt to evade state court authority and delay proceedings. By filing motions, attending hearings, and testifying in state court, Defendants have consented to the jurisdiction of the Chancery Court. Their last-minute removal is not a good-faith effort to invoke federal jurisdiction but a tactical maneuver designed to frustrate Plaintiff's ability to obtain timely relief.

The timing of Defendants' removal has severely prejudiced Plaintiff. The Chancery Court was set to hear Plaintiff's amended Motion for Contempt and Second Motion for Injunctive Relief on December 23, 2024. These motions address Defendants' ongoing misconduct, including violations of the state court's prior orders. By removing the case, Defendants have delayed critical proceedings, undermined the state court's ability to enforce its orders, and allowed their harmful conduct to continue unchecked.

## VI.    FEDERAL JURISDICTION IS IMPROPER FOR THIS EQUITABLE ACTION

This case centers on judicial dissolution, a specialized equitable proceeding governed by Mississippi's Limited Liability Company Act (Miss. Code Ann. § 79-29-801). Mississippi chancery courts are uniquely equipped to oversee matters such as operational wind-ups, creditor obligations, and compliance with state law—issues that are central to dissolution proceedings. Federal courts, by

contrast, lack the procedural tools and practical expertise to manage these state-specific matters effectively.

Moreover, federal courts have consistently held that the speculative value of an entity's assets is not determinative of the amount in controversy when the plaintiff seeks equitable relief, such as dissolution, rather than monetary damages. *See, e.g., Healy v. Ratta*, 292 U.S. 263, 268 (1934) (limiting federal jurisdiction in equitable cases where no monetary damages are sought). The speculative valuation of S-MS's assets is irrelevant here, as Plaintiff seeks only dissolution of the LLC—not recovery or distribution of its assets. Allowing this case to proceed in federal court would disrupt Mississippi's well-established processes for managing LLC dissolution and unnecessarily complicate the resolution of this equitable matter.

Allowing this case to proceed in federal court would disrupt Mississippi's well-established processes for managing LLC dissolution and unnecessarily complicate the resolution of this equitable matter.

### VII.    ATTORNEYS' FEES AND COSTS

Under 28 U.S.C. § 1447(c), Plaintiff respectfully requests an award of attorneys' fees and costs incurred as a result of Defendants' improper removal. Courts have discretion to award fees where removal lacks an objectively reasonable basis. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this case, Defendants' assertion that the amount in controversy exceeds $75,000 is unsupported, and their removal represents an unjustified attempt to delay these proceedings.

The timing of Defendants' removal further underscores its improper purpose. Filed just three days before the Chancery Court was set to hear Plaintiff's motions for contempt and injunctive relief, the removal has delayed the enforcement of state court orders and allowed Defendants' ongoing misconduct to persist. Courts have routinely awarded fees where removal was used as a tactic to delay legitimate state court proceedings. *See Avitts v. Amoco Prod. Co*., 111 F.3d 30, 32 (5th Cir. 1997).

Defendants' actions have caused significant prejudice to Plaintiff, disrupting time-sensitive proceedings, increasing litigation costs, and allowing ongoing harm to QJR reputation and relationships. An award of attorneys' fees and costs is necessary to compensate QJR for the expenses incurred and to deter such tactics in the future. QJR respectfully requests that this Court order Defendants to reimburse all fees and costs resulting from this improper removal.

## VIII.   CONCLUSION

Defendants' removal of this case is procedurally and substantively improper. The amount in controversy requirement is not satisfied, as Plaintiff's Complaint seeks only equitable relief in the form of judicial dissolution and injunctive relief, with no monetary damages sought. Moreover, Defendants' removal, filed after months of active participation in state court proceedings and on the eve of critical hearings, represents a transparent attempt to evade state court jurisdiction and delay enforcement of the Chancery Court's orders. This Court lacks jurisdiction over this matter, and remand is necessary to protect the integrity of the state court proceedings and provide Plaintiff with timely relief.

## IX.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff QJR, LLC respectfully requests that this Honorable Court grant the following relief:

a. Issue an order remanding this case to the Chancery Court of Jackson County, Mississippi for further proceedings;

b. Award Plaintiff its attorneys' fees and costs incurred as a result of Defendants' improper removal;

c. Expedite its decision on this Motion to Remand to minimize further prejudice to Plaintiff and allow the Chancery Court to promptly resume enforcement of its orders; and

d. Grant such other and further relief as this Court deems just and proper.

DATED this the 24th day of December 2024.

                                    Respectfully submitted,

By:    *s/Jaklyn Wrigley*
        Jaklyn Wrigley (MSB# 103773)
        Nichols Wrigley, PLLC
        1011 Iberville Drive
        Ocean Springs, Mississippi 32964
        Telephone: 228-206-2990
        Facsimile: 601-476-4951
        jaklyn@nicholswrigley.com

## CERTIFICATE OF SERVICE

I, JAKLYN WRIGLEY, do hereby certify that I have filed the foregoing MOTION TO REMAND with the Clerk of Court by filing it with the ECF system, which sends it to all registered parties.

DATED, this 24th day of December, 2024

s/Jaklyn Wrigley<br>
JAKLYN WRIGLEY