# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**QJR, LLC**                                                                                          **PLAINTIFF**

**VERSUS.**                                            **CIVIL ACTION NO. 1:24-CV-383-TBM-RPM**

**JONATHAN MILLER AND**
**SECURIX, LLC**                                                                        **DEFENDANTS**

## PLAINTIFF'S MOTION TO SEAL TRANSCRIPT OF JANUARY 27, 2025 HEARING AND ENFORCE STATE COURT SEALING ORDER

**COMES NOW** Plaintiff QJR, LLC, a Mississippi limited liability company, by and through undersigned counsel, and files this Motion to Seal Transcript of the January 27, 2025 hearing and to Enforce the Sealing Order entered by the Chancery Court of Jackson County, Mississippi. In support of this Motion, Plaintiff states as follows:

### I. OVERVIEW OF REMOVAL

This matter was originally filed in the Chancery Court of Jackson County, Mississippi, where it was promptly placed under seal pursuant to an Order entered by Chancellor D. Neil Harris on November 22, 2024. The Sealing Order prohibited disclosure of the substance of the litigation and was entered in response to ongoing misconduct by Defendant Jonathan Miller, including defamatory statements and interference with Plaintiff's municipal relationships. The case involves highly sensitive issues implicating local officials, reputational harm, and ongoing injunctive relief.

Defendants removed the case to this Court on December 20, 2024, just days before a scheduled hearing on Plaintiff's motions for contempt and injunctive relief—motions specifically seeking to address Defendant Miller's violations of the Court's orders, including the Sealing Order. While the matter was pending before this Court, a hearing was held on January 27, 2025. The transcript of that

1

hearing was filed on March 21, 2025, and is subject to public release under federal rules unless redacted or sealed.

Following remand, the Chancery Court resumed jurisdiction over the matter and entered a Judgment of Contempt on March 20, 2025, finding Mr. Miller in willful violation of the Court's prior orders, including the Sealing Order. The Chancellor found that Mr. Miller had engaged in unauthorized communications with the press and municipal officials, and that his conduct was contemptuous and ongoing. The Chancery Court's sealing directive remains in full force and effect.

The January 27 transcript includes discussions that fall within the scope of the sealed proceedings in state court. Public release of the transcript would not only risk further harm to Plaintiff and its members but would also undermine the authority of the state court and its ability to enforce its orders.

## II. FEDERAL SEALING AUTHORITY

Under Fed. R. Civ. P. 5.2(d) and S.D. Miss. Local Civ. R. 79, this Court has discretion to seal or restrict access to a transcript for good cause. Where a matter has been remanded and remains under seal in state court, federal courts routinely defer to the confidentiality orders of the state tribunal—particularly where disclosure would impair the enforcement of ongoing orders or invite further harm.

Good cause exists here. The sealing order was not incidental or protective in name only; it was a core aspect of the relief granted by the Chancery Court in response to repeated misconduct by Mr. Miller. The state court has made detailed findings regarding Mr. Miller's contemptuous behavior, and allowing public access to a federal hearing transcript that addresses those very issues would circumvent the carefully constructed framework imposed by the Chancellor.

Redaction is not a viable substitute. Rule 5.2 provides for limited redactions (e.g., identifiers), but the scope of the seal in this matter is broader and covers the substance of the dispute itself. Plaintiff has already filed a Notice of Intent to Request Redaction to preserve its rights but respectfully submits that a full seal—or at minimum, a structured process for submitting comprehensive redactions consistent with the state court's order—is necessary to protect the record.

This Court should not permit its docket to serve as an avenue for the release of information the state court has found requires protection. Particularly where Defendant Miller has already demonstrated a willingness to exploit procedural gaps to violate court orders, sealing the transcript is essential to prevent further abuse.

### III.   REQUESTED RELIEF TO PROTECT SEALED MATERIAL

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

1. Enter an order sealing the transcript of the hearing held on January 27, 2025, in its entirety;

2. Alternatively, permit Plaintiff to submit a proposed redacted version consistent with the state court's Sealing Order;

3. Enforce the Sealing Order entered by the Chancery Court of Jackson County on November 22, 2024;

4. Maintain restricted access to the transcript and prohibit public availability via PACER; and

5. Grant such other and further relief as this Court deems just and proper.

DATED this the 4 day of April 2025.

Respectfully submitted,

By:     *s/Jaklyn Wrigley*
        Jaklyn Wrigley (MSB# 103773)
        Nichols Wrigley, PLLC
        1011 Iberville Drive
        Ocean Springs, Mississippi 32964
        Telephone: 228-206-2990
        Facsimile: 601-476-4951
        jaklyn@nicholswrigley.com

## CERTIFICATE OF SERVICE

I, JAKLYN WRIGLEY, do hereby certify that I have filed the foregoing NOTICE OF INTENT TO REQUEST REDACTION with the Clerk of Court by filing it with the ECF system, which sends it to all registered parties.

DATED, this ____ day of April, 2025

s/Jaklyn Wrigley_____<br>
JAKLYN WRIGLEY