UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

QJR, LLC                                                                PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:24-CV-383-TBM-RPM

SECURIX, LLC et al                                                  DEFENDANTS

## ORDER DENYING MOTION TO SEAL

Before the Court is Plaintiff QJR, LLC's motion to seal from public access the transcript of the Court's January 27, 2025, hearing on Plaintiff's motion to remand. Doc. [29]. Defendants have not filed a response in opposition. Plaintiff originally filed this cause of action in the Chancery Court of Jackson County, Mississippi. Doc. [6] at 1-17. Defendants later removed it to federal court. Doc. [1]. Shortly after this matter was filed in state court, but prior to its removal, the chancery court judge ordered the complaint sealed and prohibited disclosure of the substance of the litigation. Doc. [18-1] at 52.

In consideration of the chancery court's judge order, this Court sealed the state court record when the matter was removed to federal court. Doc. [5]. The undersigned reserved ruling on whether to permanently restrict from public access the state court record. However, after removal, the District Court Judge conducted a hearing on Plaintiff's motion and determined that the Court lacked subject matter jurisdiction. The Court ordered the matter remanded back to state court. Doc. [24]. Consequently, the case has been remanded and is no longer pending in federal court.

In its motion to seal, Plaintiff argues that the remand motion hearing transcript includes discussions that fall within the scope of the sealed proceedings in state court. Plaintiff further asserts, without citing to any supporting authority, that "federal courts routinely defer to the

confidentiality orders of the state tribunal." Doc. [29] at 2. Accordingly, Plaintiff requests that the entire hearing transcript be sealed.

The Fifth Circuit has made it clear that district courts have a responsibility to carefully examine whether documents should be sealed from public access. "The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418. "Judicial records belong to the American people; they are public, not private, documents." *Id.* at 417. "'The public has an interest in transparent court proceedings that is independent of the parties' interests.'" *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022). Courts are therefore "duty-bound to protect public access to judicial proceedings and records." *Binh Hoa Le*, 990 F.3d at 417. Courts should "be ungenerous with their discretion to seal judicial records." *Id.* at 418. "The working presumption is that judicial records should not be sealed." *Id.* at 419. That presumption against sealing "can be rebutted only by compelling countervailing interests favoring nondisclosure." *Id.* at 421. "[T]o the extent that any sealing is necessary, it must be 'congruent to the need.'" *June Med. Servs., L.L.C.*, 22 F.4th at 521 (quoting *Binh Hoa Le*, 990 F.3d at 420).

Before sealing judicial records, the Court "must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le*, 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)). "Sealings must be explained at 'a level of detail that will allow for [Fifth Circuit] review.'" *Id.* (quoting *Sealed Search Warrants*, 868 F.3d at 397). "And a court abuses its discretion if it 'mak[es] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'" *Id.* (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

Although Defendants have not filed a response in opposition to Plaintiff's motion, this Court nevertheless possesses an independent obligation to protect the public's access to judicial records. Here, Plaintiff fails to meet its burden to overcome the presumption against sealing. The Court has reviewed the transcript and finds the transcript largely discusses matters that do not implicate any privacy interest and do not appear to implicate the chancery court's order. Plaintiff's motion utterly fails to identify with any specificity which portions of the transcript would violate the chancery court's order. Plaintiff's motion utterly fails to address the Fifth Circuit's controlling authority regarding sealing documents and its application to the hearing transcript at issue in this case. Plaintiff provides no guidance to assist the Court in conducting a "line by line" balancing of the public's right to access. Nor does Plaintiff's motion provide guidance for the Court to explain its decision on sealing with sufficient detail for appellate review. Moreover, when deciding whether to permit public access to the transcript of a public hearing conducted in federal court on the issue of federal subject matter jurisdiction, this Court unequivocally is not bound by a state chancery court judge's sealing order. Plaintiff's request to seal the entire transcript is not "congruent to the need." Based on the foregoing, the Court finds Plaintiff's motion should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [29] Motion to Seal is DENIED.

SO ORDERED AND ADJUDGED, this the 9th day of May 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE